The People agt. Clews.

---

## CHAUTAUQUA COUNTY SESSIONS.

### THE PEOPLE agt. HENRY CLEWS.

*Indictment — on motion to quash, affidavits cannot be read to contradict allegations in.*

Upon a motion to quash an indictment, affidavits cannot be read to contradict or explain the allegations in the indictment without the consent of the district attorney.

Common law proof is required to sustain or avoid the allegations in an indictment, unless by consent of the district attorney other proof is accepted.

*People* agt. *Restenblatt* (1 *Abb. P. R.*, 268) commented upon and explained.

*March,* 1879.

MOTION to quash an indictment found by the grand jury of Chautauqua county against the defendant for obtaining property by false pretenses. A motion to quash was made founded upon affidavits contradicting the allegations of fact in the indictment that the property mentioned therein was obtained in the county of Chautauqua. The district attorney objected to the reading of the affidavits. The facts are stated in the opinion.

*A. A. Abbott,* for motion.

*A. Hazeltine, Jr.,* district attorney, for the people, opposed.

GROSVENOR, *County Judge.* — An indictment was found at the last May term of the oyer and terminer against the

defendant, Henry Clews, for obtaining money and property by false pretenses, and sent to this court for trial.

The defendant is a banker in the city of New York. The complainants, of whom the property is alleged to have been obtained, were bankers in Sherman, Chautauqua county. The indictment alleges that the false pretenses were made and the money obtained at Sherman, Chautauqua county.

The defendant now moves to quash the indictment upon the ground, among others, that whatever of pretenses or representations were made, the same were made at the city of New York, and whatever of money was obtained was obtained and received there, and not in Sherman or Chautauqua county. He offered to read affidavits tending to establish those facts. The district attorney objected to the reading of the affidavits, on the ground that the allegations of the indictment cannot be contradicted by the affidavits. The court concluded to hear the affidavits read and hear argument upon the question as to whether they can be received against the objection of the district attorney; the defendant's counsel insisting that it was discretionary with the court, while the district attorney was of the opinion that it was optional with the district attorney.

Upon the argument I was strongly impressed with the idea that if the defendant had rights in the premises they should rest upon some more substantial basis than the varying discretion of the court, or the captiousness of the district attorney.

It must, I think, be conceded that the time and place when and where the representations claimed to be false were made, were important to be set out in the indictment, and important facts to be proved on the trial. By several cases which I have examined it appears to be the better opinion that the omission to make such statements in the indictment is good ground for a motion in arrest of judgment. *King* agt. *Matthews* (5 *Term Reps.*, 162; *Hawkins & Hale*) seem to regard it as a settled question.

Thus much in regard to the importance of stating time and place in the indictment.

The People agt. Clews.

We now come to the question, *can* those important facts stated in the indictment be tried and disposed of by the court on *ex parte* affidavits against the objection of the district attorney? After the most careful examination I have been able to give the question, I am strongly inclined to the opinion that they cannot be received against the objection of the district attorney, for the reason that both parties have the right to insist upon common law proof upon all the main and important facts stated in the indictment. If this important fact may be tried and settled by *ex parte* affidavits, why not settle every other important fact in the same way? Where shall we stop? Is the importance of the fact to be tested to govern, or are we to be controlled by general rules of evidence? I think we are to be governed by the rules of evidence. I think it may be laid down as a pretty well settled rule, that where the law requires proof to be made it means legal testimony (common law proof), unless there be some special or statutory provisions authorizing some other mode of proof, such as affidavits or the like. *Greenleaf* and *Wills on Circumstantial Evidence* both lay it down as well settled doctrine. In our own state, *Brown* agt. *Hinchman* (9 *J. R.*, 75); *Terry* agt. *Fargo* (10 *J. R.*, 114); *Van Steenbergh* agt. *Kortz* (10 *J. R.*, 167); *Buffalo and State Line R. R. Co.* agt. *Reynolds* (6 *How. Pr. Reps.*), all these cases seem to sustain the general rule as I have before stated it.

The learned counsel for the defendant called our attention to several authorities, which he contended held a contrary rule as to indictments, which will be briefly examined. The case, *People* agt. *Hurlburt* (4th *Denio*, 133), does not seem to touch the point; on the contrary, the learned judge, who is quoted, says: "That is a question on which I do not intend to express any opinion.".

The case, *People* agt. *Rettenblatt* (1st *Abb. Pr. R.*, 268), was a case decided in general sessions of New York city. I do not find that this case has ever been cited as authority against the general rule I have quoted. Indeed, I do not

see how it can be, as the question was not up in the case. Whatever remarks the learned judge volunteered, were clearly *obiter*. Moreover, I do not see how the question of extrinsic evidence, or even of the right to go behind the record, were up at all in the case.

The facts, as they are stated in the case, are simply these : The indictment was found on complaining affidavits. These were annexed to the indictment, were part and parcel of the record itself. They were read without objection by the district attorney. The district attorney admitted they were all the evidence before the grand jury. In other words, he permitted the facts upon which the defendant's counsel relied to quash the indictment, to be shown in the way they were shown. The learned judge commences his opinion by the remark : " Having regard to the concession by the learned attorney for the people." The whole thing is placed upon the concession of the district attorney, and the question which seemed to trouble the learned judge was, not whether the facts were shown or properly before the court, but whether, the facts being shown, he had authority to dispose of the matter without the intervention of a jury. It is not necessary for us to quarrel with that decision or criticise it. It is far from being authority for receiving affidavits, where they are objected to by the district attorney. If such a rule were to be established, it would be found to be a sharp instrument which might cut both ways. I think the judge supplies a reason why that case cannot be relied upon as authority for receiving affidavits against the objection of the district attorney. He says : " If controlled by nothing else, grand juries should be bound by the rules of evidence." But are judges exempt from those rules ? Clearly they are as applicable to judges as juries.

There is another view of the question. Suppose the defendant's attorney to have pleaded the same matters which he makes the ground for his motion to quash this indictment in abatement and the district attorney to have taken issue, as

he must have done, would not either be entitled to insist on common law proof upon the trial of that issue? If so, unless the manner of raising the question changes the rule of evidence and the manner of trying the issue, it would seem to be conclusive that affidavits cannot be received when objected to.

*Wharton's American Criminal Law*, 1 (*sec.* 520), says: "It is error to quote on matters not apparent in the indictment, or caption, extrinsic matter being proper for defense only on trial by jury." In a note to this section he says: "By consent, however, extraneous matter may be brought in."

Bishop, in his 1 *Criminal Proceedings* (*sec.* 763), admits this to be the *general rule*, but says: "The better doctrine is, that the court in its *discretion* may go outside of the indictment and record and try the whole question on affidavits.

This is the substance of his text for what he styles the "better doctrine."

He cites, as supporting this "better doctrine," *State* agt. *Batchelor* (15 *Missouri*, 207); *State* agt. *Wall* (15 *Missouri*, 508); *State* agt. *Cain* (1 *Hawkes*, 352); *Regina* agt. *Hearn* (4 *B. & S.*, 94); 9 *Cox, C. C.*, 433; 10 *Jur.* (*N. S.*), 724; *United States* agt. *Shepard* (1 *Abb.* [*N. S.*], 431).

I have examined these cases carefully and they do not authorize, in my opinion, or sustain the views of Mr. Bishop. Nor are they authority that affidavits can be received when objected to by the district attorney. But they are in accordance with the views of Doctor Wharton as stated in his note to section 520.

The other cases cited are more upon the general point of jurisdiction and what disposition can be made of the case when the want of it appears. The question here is how the fact may be made to appear.

There is no question in my mind as to what would be the result when the fact that the representations were made in the county of New York and the money was received there is made to appear, but I do not think these facts can be shown by affidavit when objected to by the district attorney. I have

not examined the other questions raised upon the arugment for the reason that they depend on the affidavits which being excluded leaves no foundation for them to rest upon.

Motion to quash denied.